UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:24-cv-00855-FWS-SHK                                         Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                              Attorneys Present for Defendants:

Not Present                                                                    Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]**

In this putative class action, Plaintiff Brandon Rivas ("Plaintiff") alleges claims against Defendant U.S. Aviation Services Corp. ("Defendant") "for: [1] Failure to pay all minimum wages, [2] Failure to pay all overtime wages, [3] Failure to provide rest periods and pay missed rest period premiums, [4] Failure to provide meal periods and pay missed meal period premiums, [5] Failure to maintain accurate employment records, [6] Failure to pay wages timely during employment, [7] Failure to pay all wages earned and unpaid at separation, [8] Failure to indemnify all necessary business expenditures, [9] Failure to furnish accurate itemized wage statements, and [10] Violations of California's Unfair Competition Law." (Dkt. 1, Ex. A ("Complaint" or "Compl.") ¶ 4; *see generally id*. ¶¶ 22-118.) Defendant removed the case to this court, contending that the court has jurisdiction under the Class Action Fairness Act ("CAFA"). (Dkt. 1.)

Now before the court is Plaintiff's Motion to Remand, in which Plaintiff argues the court lacks subject matter jurisdiction because CAFA's amount in controversy is not met. (Dkt. 12 ("Motion" or "Mot.").) Defendant opposes the motion. (Dkt. 18 ("Opposition" or "Opp.").) Plaintiff filed a Reply in support of the Motion. (Dkt. 21 ("Reply").) The court held oral argument on the Motion. (Dkt. 26.) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                                   Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

I. **Legal Standard**

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). CAFA generally permits a federal district court to exercise subject matter jurisdiction over a putative class action in which: (1) the amount in controversy exceeds $5,000,000; (2) the number of members of all purported classes of plaintiffs totals 100 or more persons; and (3) any member of a proposed class of plaintiffs differs in citizenship from any defendant. 28 U.S.C. § 1332(d); *Dart Cherokee*, 574 U.S. at 84-85. "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89.

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (cleaned up). In the absence of an amount in controversy alleged in a complaint, "a defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87). "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied.'" *Jauregui*, 28 F.4th at 992 (quoting *Dart Cherokee*, 574 U.S. at 88). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Id*. at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). Assumptions must have "some reasonable ground underlying them," and "may be reasonable if [they are] founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                                    Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

In summary, the Ninth Circuit has set forth "three principles that apply in CAFA removal cases." *Id*. at 922. "First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id*. (quoting *Ibarra*, 775 F.3d at 1197). "Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id*. (citing *Ibarra*, 775 F.3d at 1197-99). "Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id*. (citing *Fritsch v. Swift Transp. Co. of Ariz*., LLC, 899 F.3d 785, 794 (9th Cir. 2018)).

After a removing defendant alleges the amount in controversy requirement is met, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus*., *Inc*., 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers*, *Inc*., 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (9th Cir. 2020) (quoting *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121); *see also Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."). By contrast, "[a] factual attack 'contests the truth of the . . . allegations' themselves." *Harris*, 980 F.3d at 699 (alteration in original). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id*. "Both parties may submit evidence supporting the amount in controversy before the district court rules." *Harris*, 980 F.3d at 699 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                                       Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

**II.     Discussion**

In support of Defendant's calculations supporting the amount in controversy, Defendant submits evidence in the form of a declaration from Defendant's counsel, Christina T. Tellado, who "reviewed data provided by Nancy Quintero, who is the Employee Relations Manager for [Defendant], which included payroll information related to all non-exempt or hourly-paid employees who worked for [Defendant] in California ('Putative Class Members') from January 24, 2020 through April 19, 2024 (the 'Computation Period')."  (Dkt. 1-2 ("Tellado Decl.") ¶ 6.) The data Defendant provided counsel reflected that there are "no fewer than 441 Putative Class Members who worked in California" during the relevant period," which "Putative Class Members worked a total of 22,602 workweeks during the Computation Period," and earned hourly rates that "varied and range from $13.00/hour to $36.05/hour." (*Id*. ¶¶ 8-10.)  "The Putative Class Members were regularly scheduled to work between 6 to 8 hours or more per shift, on five or more days per work week." (*Id.* ¶ 11.)

To calculate the amount in controversy, Defendant made certain assumptions. (*See* Tellado Decl. ¶¶ 13-20; Opp at 4-13.)  For example, as to Plaintiff's claims that Defendant failed to provide meal periods and rest breaks, Defendant calculated the amount in controversy assuming two missed meal periods and two missed rest breaks per week. (Tellado Decl. ¶¶ 13-14; Opp. at 4-6.)  On these claims, then, Defendant essentially assumed a 40% violation rate. (*See* Tellado Decl. ¶¶ 13-14; Opp. at 4-6.)  Based on this and other assumptions, Defendant calculates the amount in controversy as follows:

- <u>Rest Period Violations Claim</u>: Assuming each of the Putative Class Members had two missed rest periods per week, Defendant "could be liable for **$805,253.40** under Labor Code § 226.7." (Tellado Decl. ¶ 13.)

- <u>Meal Period Violations Claim</u>: Assuming each of the Putative Class Members had two missed meal periods per week, Defendant "could be liable for **$805,253.40** under Labor Code § 226.7." (*Id.* ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                          Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

- Unpaid Overtime Claim: "Assuming each of the Putative Class Members was entitled to two hours of unpaid overtime per workweek, [Defendant] could be liable for **$1,207,880.10** in unpaid wages under Labor Code § 510 (two hours of unpaid overtime per week for each of the 441 Putative Class Members calculated at one and one-half times their respective hourly rates of pay for the Computation Period)." (*Id.* ¶ 15.)

- Waiting Time Penalties: Assuming that each of the "255 Putative Class Members who have separated from their employment with [Defendant] within the applicable three-year statute of limitations, going back to January 24, 2021 . . . is entitled to a maximum waiting time penalty calculated at their respective hourly rates of pay times the average workday of 8 hours per day for thirty (30) days, then [Defendant] would have a total of **$1,033,558.32** in potential liability exposure to those individual for alleged waiting time penalties." (*Id.* ¶ 16.)

- Minimum Wage Claim: "Assuming that each of these Putative Class Members was entitled to 60 minutes of unpaid minimum wages per workweek, calculated $13.00 per hour during this Computation Period, then [Defendant] would have a total of **$194,922.02** in potential liability exposure to those individuals for alleged unpaid minimum wages during the Computation Period. Further assuming that each of these Putative Class Members was also entitled to liquidated damages, calculated as the amount equal to the unpaid minimum wages, then [Defendant] would have **$194,922.02** in additional potential liability exposure." (*Id.* ¶ 17.)

- Inaccurate Wage Statements Claim: "There are at least 249 Putative Class Members who worked with [Defendant] within the applicable one-year statute of limitations, going back to January 24, 2023, with a total of approximately 6,263 pay periods given [Defendant]'s payroll cycle. Therefore, [Defendant] could be liable for **$313,150.00** under Labor Code § 226, based on a calculation of $50 per employee for all violations, and foregoing utilizing the subsequent violation rate of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                                     Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

$100 for each subsequent pay period per period, up to a maximum of $4,000 per employee." (*Id.* ¶ 18.)

- Attorneys' Fees: Defendant states that the total amount in controversy based on the foregoing amounts is $4,554,939.25. (*Id.* ¶ 19.) "Using the foregoing total aggregate potential liability for the rest period violations, meal period violations, unpaid overtime claims, minimum wage claims, wage statement penalties, and waiting time penalties," Defendant "also calculated the amount of [Plaintiff's] potential recovery of attorneys' fees based on 25% of the calculated damages," which results in an estimated attorneys' fees award of **$1,138,734.81**. (*Id.* ¶ 20.)

In summary, Defendant calculates an amount in controversy of **$5,693,674.07**, which "is exclusive of any potential liabilities arising [out of Plaintiff's] Labor Code section 2802 claim, for failure to reimburse necessary business expenses, among other alleged violations underlying [Plaintiff's] UCL claim and other putative class claims." (*Id.* ¶ 21.)

Plaintiff argues that "Defendant's removal is devoid of factual support sufficient to establish that the requisite amount in controversy has been satisfied," and that "Defendant plucks numbers from thin air to arrive at its amount in controversy[ w]ithout providing any evidence that its assumptions are reasonable." (Mot. at 1.) The court disagrees. As stated, "a damages assessment may require a chain of reasoning that includes assumptions," although such "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias*, 936 F. 3d at 925; *see LaCross*, 775 F.3d at 1202 (characterizing the allegations of the complaint "[a]s our first source of reference in determining the amount in controversy").

Here, the Complaint alleges Putative Class Members "were *often* expected and required to continue working through rest periods to meet the expectations [of] Defendant[] and finish the workday," "were *often* not permitted to take compliant first meal periods before the end of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-00855-FWS-SHK                                        Date: September 9, 2024
Title: Brandon Rivas v. U.S. Aviation Services Corp.

the fifth hour of work," and "were also *periodically* not permitted to take second meal periods for shifts in excess of ten hours." (Compl. ¶¶ 37, 45.) Based on these characterizations, Defendant made the assumptions described above, including a 40% violation rate for meal and rest breaks. (*See* Tellado Decl. ¶¶ 13-20; Opp at 4-13.) The court concludes that Defendant's assumptions supporting its calculation of the amount in controversy are reasonable and sufficiently supported by evidence. *See Arias*, 936 F.3d at 926 (finding sufficient evidence when "Marriott's notice of removal included personnel and payroll data (e.g., number of employees meeting class description, average rate of pay, and number of workweeks worked during the class period)"; "[w]ith that data, Marriott estimated the amount in controversy by making assumptions about the frequency of violations of the sort alleged in the complaint"; and "Marriott tied its assumed violation rates to the complaint"); *see, e.g.*, *Mills v. Rescare Workforce Servs.*, 2022 WL 843461, at *9 (C.D. Cal. Mar. 22, 2022) ("The court finds Defendants' assumptions are plausible and present a reasonable estimate of Defendants' maximum potential liability and the maximum damages the putative class could reasonably recover."); *Avila v. Northwood Hosp. LLC*, 2024 WL 416366, at *4 (C.D. Cal. Feb. 5, 2024) (denying motion to remand when the defendant's calculation of amount in controversy in wage-and-hour class action was supported by the allegations in the complaint). "[B]ecause [D]efendant[] relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million, [Defendant has] met [its] burden of proof." *LaCross*, 775 F.3d at 1201.

**III.    Disposition**

For the reasons set forth above, the Motion is **DENIED**.

Initials of Deputy Clerk:  mku